UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| CORNELIUS WILLIAMS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-CV-161 SNLJ |
| | ) | |
| IAN WALLACE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA). The motion is granted. Additionally, the Court will dismiss portions of the complaint.

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

## The Complaint

At the time he filed the complaint, plaintiff was incarcerated at the Southeast Correctional Center (SECC). He has since been released. Plaintiff arrived at SECC in November 2009. Before that, he was at the Northeast Correctional Center (NECC). Plaintiff is handicapped and bound to a wheelchair. While he was at NECC, he was placed in a "handicapped" cell, with handrails, a shower, and a handicapped toilet.

Upon his arrival at SECC, plaintiff was placed in a handicapped cell. On October 10, 2014, defendants Carl Jacobsen and Jay Gorham moved plaintiff to a non-handicapped cell. The following day, plaintiff injured himself while trying to use the toilet. He "jammed his tail-bone [sic] and lower back," and he sought treatment from the medical unit. Because of his injuries, he had to stop taking his Hepatitis C medicine "for a while," because he had difficulty using the toilet.

Plaintiff filed a request for reasonable accommodations on October 20, 2014. According to plaintiff, defendant Becky Lizenbee, who is a nurse, "fraudulently signed" it, because she "was not qualified or authorized to do so." He says she did it as a favor to defendant Omar Clark, the Deputy Warden. Clark offered plaintiff a handicapped cell in another housing unit. It appears that plaintiff refused the offer because it was not an "honor-wing" and he was on "honor status." So, he was moved back to a "semi-handicapped" cell that did not have hand rails by defendant Jacobsen.

On November 2, 2015, plaintiff was moved to a non-handicapped cell because another inmate injured himself. Plaintiff requested an accommodation, but defendants Jacobsen and Clark denied it, finding that he did not require a specific cell, "only 'lower walk,' 'lower bunk.'"

Plaintiff says that there is a shortage of handicapped cells at SECC, and he says the institution cannot accommodate all of its handicapped inmates. Plaintiff believes there is only one complete handicapped cell, with hand rails and a proper toilet.

**Discussion**

1. *Section 1983 Claims*

To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. *Estelle*, 429 U.S. at 106. In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). In order to state a claim against Corizon, plaintiff must allege that there was a policy, custom or official action that caused an actionable injury. *Sanders v. Sears Roebuck & Co.*, 984 F.2d 972, 95-76 (8th Cir. 1993).

Plaintiff's allegations under § 1983 do not state a claim upon which relief can be granted. Plaintiff does not allege that defendants ignored his serious medical needs. He says that he was moved between a handicapped cell and semi-handicapped cells. He was occasionally put in non-handicapped cells on the lower walk when other prisoners were put into the handicapped cells. His only injury as the result of the placement was a "jammed" tailbone and low back, for which he sought medical treatment. At the best, his allegations amount to negligence. Additionally, plaintiff's claim that Lizenbee signed a form that she should not have signed does not rise to the level of a constitutional violation. As a result, plaintiff's § 1983 claims are dismissed.

2. *ADA Claims*

Plaintiff's allegations fall under Title II of the ADA, which provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. "To state a prima facie claim under [Title II of] the ADA, a plaintiff must show: 1) he is a person with a disability as defined by statute; 2) he is otherwise qualified for the benefit in question; and 3) he was excluded from the benefit due to discrimination based upon disability." *Randolph v. Rodgers*, 170 F.3d 850, 858 (8th Cir. 1999). For the purposes of § 1915 review, the Court finds that plaintiff has stated a plausible claim for discrimination under the ADA.

However, Title II only applies to "public entities." 42 U.S.C. § 12132. Under 42 U.S.C. § 12131(1), "The term 'public entity' means . . . any State or local government [or] any department, agency, special purpose district, or other instrumentality of a State or States or local government." The term "does not include individuals." *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n. 8 (8th Cir. 1999) (en banc). A private contractor does not become a "public entity" under Title II merely by contracting with a governmental entity to provide governmental services. *Green v. City of New York*, 465 F.3d 65, 79 (2nd Cir. 2006). As a result, Title II of the ADA does not impose liability on any of the individual defendants in their individual capacities, Corizon, Inc., or Becky Lizenbee.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants Corizon, Inc., and Becky Lizenbee are **DISMISSED**.

**IT IS FURTHER ORDERED** that plaintiff's § 1983 claims and claims against defendants in their individual capacities are **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk is directed to serve process on defendants Ian Wallace, Omar Clark, Carl Jacobsen, and Jay Gorham, in their official capacities only.

An Order of Partial Dismissal will be filed separately.

Dated this 16th day of August, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE