**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| **CORNELIUS WILLIAMS, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 1:16CV161 SNLJ** |
| | ) | |
| **IAN WALLACE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM and ORDER

Plaintiff seeks injunctive and declaratory relief against the defendants in their official capacities pursuant to 42 U.S.C. §12132, Title II of the Americans with Disabilities Act ("ADA") relating to his requests for a "handicap cell" while confined at Southeast Correctional Center. This Court previously dismissed plaintiff's claim against the defendants under 42 U.S.C. §1983, as well as his claim against the defendants individually for monetary damages under Title II of the ADA.

Plaintiff has since been released on parole. Because the only claim remaining in this case is for injunctive relief under the ADA, defendants have moved for summary judgment. Plaintiff has not responded.

Pursuant to Federal Rule of Civil Procedure 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467

1

(1962).   The burden is on the moving party.   *City of Mt. Pleasant, Iowa v. Assoc. Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988).   After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts.   *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it.   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts.   *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir. 1983).   The court is required to resolve all conflicts of evidence in favor of the nonmoving party.   *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976).

Plaintiff did not respond to the defendant's motion for summary judgment nor defendant's statement of facts.   Pursuant to Federal Rule of Civil Procedure 56(e), then, the defendant's statement of facts are considered undisputed.   Plaintiff has been incarcerated since 1991 and has had use of a wheelchair since 2001.   Plaintiff's claim for injunctive relief is based on the inadequate number of handicapped cells at SECC and the defendants' failure to keep in such a cell. Plaintiff was released on parole in June 2016.

A claim for equitable relief is moot unless the plaintiff can show irreparable injury; that requirement cannot be met if there is no showing of real or immediate threat that the plaintiff will be wronged again. *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983).

Because plaintiff has been released on parole and is no longer confined at SECC, his claim is moot. *See, e.g.*, *Hickman v. State of Mo.*, 144 F.3d 1141, 1142 (8th Cir. 1998) (granting summary judgment to defendants on ADA claims for injunctive relief where plaintiffs had been released on parole).

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for summary judgment (#31) is GRANTED.

Dated this __27th__ day of December, 2017.

_____
UNITED STATES DISTRICT JUDGE